IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KER YANG,

                Petitioner,             OPINION AND ORDER

v.

                                            16-cv-441-wmc
                                            14-cr-70-wmc

UNITED STATES OF AMERICA,

                Respondent.

---

Ker Yang has filed a motion for post-conviction relief under 28 U.S.C. § 2255.[1] Yang argues that he is entitled to a reduction in his sentence under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), holding that the vagueness of the "residual clause" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), violated the due process clause of the Fifth Amendment. Because the decision in *Johnson* does not apply to his sentence, his motion must be denied.

BACKGROUND

Yang pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). After finding that Yang had three felony convictions from Minnesota state courts that qualified as "violent" under the ACCA, this court imposed the resulting mandatory minimum sentence of 15 years in prison. 18 U.S.C.

---

[1] This is Yang's first motion for post-conviction relief, so he does not need the permission of a panel of the Court of Appeals for the Seventh Circuit to proceed. 28 U.S.C. § 2255(h).

1

§ 924(e)(1). Those three convictions were for: (1) assault in the second degree and assault in the second degree for the benefit of a gang; (2) third degree assault; and (3) felony domestic assault. Yang appealed his sentence, arguing that the conviction for felony domestic assault cannot be a violent felony under the ACCA because the state court document recording the conviction did not clearly identify the statute of conviction. *United States v. Yang*, 799 F.3d 750 (7th Cir. Aug. 21, 2015). The court of appeals rejected Yang's arguments, explaining that the district court could consult the relevant sentencing and plea transcripts to identify the statute of conviction without running afoul of the ACCA or the Supreme Court's decisions interpreting it. *Id.* at 752. Accordingly, Yang's sentence was affirmed.

OPINION

Yang argues that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), establishes that he was improperly sentenced under the ACCA, 18 U.S.C. § 924(e). Under § 924(e), a defendant is subject to a significantly greater sentence if the court finds that, among other things, the defendant has three prior felonies for either a violent felony or serious drug offense. A "violent felony" is defined as a crime that carries a penalty of more than one year and:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

2

§ 924(e)(2)(B)(emphasis added). In *Johnson*, the Supreme Court found the italicized language in subsection (e)(2)(B)(ii), known as the "residual clause," too vague to satisfy the due process clause of the Constitution. The Supreme Court subsequently held that *Johnson* applies retroactively. *Welch v. United States*, 136 S. Ct. 1257 (Apr. 18, 2016). Neither the *Johnson* nor *Welch* decisions, however, find fault with or even address the portion of § 924(e)(2)(B) that increases the sentences for persons who have committed controlled substances offenses or who have committed an offense listed in subsection (i) or in the non-italicized portion of subsection (ii).

Although Yang was sentenced under the ACCA, *Johnson/Welch* provides no relief from his mandatory minimum sentence because the *residual clause* of 18 U.S.C. § 924(e)(2)(B)(ii) was not involved. On the contrary, Yang's sentence was based on § 924(e)(2)*(i)*, which has never been held unconstitutionally vague or questionable in any respect. For this reason, the Seventh Circuit specifically noted that *Johnson* did not apply to Yang's case in resolving his direct appeal. *Yang*, 799 F.3d at 752, n.1. Since petitioner's three conviction at issue all involve offenses that have "as an element the use, attempted use, or threatened use of physical force against the person of another" under subsection (i), *Johnson/Welch* affords the defendant no relief. Accordingly, his motion for relief under § 2255 will be denied. For the same reasons, his request for appointment of counsel to assist him in pursuing his petition will also be denied.[2]

---

[2] The Federal Defenders office reviewed Yang's motion and notified the court that it would not be appearing on his behalf. (Dkt. #4.)

Under Rule 11 Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Here, Yang has not made a substantial showing of a denial of a constitutional right, so no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. Yang is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider her request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that petitioner Ker Yang's motion for post-conviction relief under 28 U.S.C. § 2255 is DENIED. His requests for appointment of counsel (dkts. #2, #6, #8, #12) are also DENIED. Further, IT IS ORDERED that no certificate of

4

appealability shall issue. Yang may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 27th day of June, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge