IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KER YANG,

                Petitioner,                OPINION AND ORDER

    v.

                                                16-cv-441-wmc
                                                14-cr-70-wmc

UNITED STATES OF AMERICA,

                Respondent.

---

On June 27, 2018, the court denied petitioner Ker Yang's motion for post-conviction relief under 28 U.S.C. § 2255. Yang argued that he was entitled to a reduction in his sentence under the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), holding that the vagueness of the "residual clause" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), violated the due process clause of the Fifth Amendment. Now Yang seeks to vacate that judgment pursuant to Federal Rule of Civil Procedure 60(b), arguing that the court did not consider his motion to amend his complaint in dismissing his petition. (Dkt. #16.) For the reasons that follow briefly, the court is denying Yang's motion.

OPINION

In its June 27, 2018, opinion and order, the court noted that Yang pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). After finding that Yang had three felony convictions from Minnesota state

1

courts that qualified as "violent" under the ACCA, this court imposed the resulting mandatory minimum sentence of 15 years in prison.  18 U.S.C. § 924(e)(1).  The three convictions were for:  (1) assault in the second degree and assault in the second degree for the benefit of a gang; (2) third degree assault; and (3) felony domestic assault.  Yang appealed, arguing that the conviction for felony domestic assault could not be a violent felony under the ACCA because the state court document recording the conviction did not clearly identify the statute of conviction.  *United States v. Yang*, 799 F.3d 750 (7th Cir. Aug. 21, 2015).  The court of appeals rejected Yang's arguments, explaining that the district court could consult the relevant sentencing and plea transcripts to identify the statute of conviction without running afoul of the ACCA or the Supreme Court's decisions interpreting it.  *Id.* at 752.  Accordingly, Yang's sentence was affirmed.

This court then concluded that Yang was not entitled to relief under *Johnson*, explaining:

> Although Yang was sentenced under the ACCA, *Johnson/Welch* provides no relief from his mandatory minimum sentence because the *residual clause* of 18 U.S.C. § 924(e)(2)(B)(ii) was not involved.  On the contrary, Yang's sentence was based on § 924(e)(2)*(i)*, which has never been held unconstitutionally vague or questionable in any respect.  For this reason, the Seventh Circuit specifically noted that *Johnson* did not apply to Yang's case in resolving his direct appeal.  *Yang*, 799 F.3d at 752, n.1.  Since petitioner's three conviction[s] at issue all involve offenses that have "as an element the use, attempted use, or threatened use of physical force against the person of another" under subsection (i), *Johnson/Welch* affords the defendant no relief.  Accordingly, his motion for relief under § 2255 will be denied.

(Op. & Order (dkt. #13) at 3.)  It is true that Yang had filed a motion to amend his

2

complaint on March 31, 2017, and the court did not resolve that motion, but that is of no moment. In Yang's motion to amend his petition, he sought to add a claim that his trial counsel was ineffective in (1) failing to challenge his ACCA enhancement on the grounds that the government did not provide documents related to his violent offenses, the second-degree assault conviction was not a violent felony, and Minnesota's felony assault statute was not a violent felony under the ACCA; (2) failing to file a motion for sufficient discovery to challenge the ACCA enhancement; and (3) failing to point out that there was a possibility that Yang pled guilty to a lesser offense that would not qualify as a violent felony under the ACCA.

However, Yang has failed to explain how these arguments could have impacted the court's ultimate determination that Yang's predicate offenses constitute violent felonies. Indeed, the Seventh Circuit's conclusion with respect to Yang's domestic assault charge suggests that his second-degree and third-degree assault charges both constitute violent felonies, since both statutes use the same definition of assault. *See* Minn. Stat. 609.02(1); *see also United States v. Wadena*, 895 F.3d 1075, 1076 (8th Cir. 2018) (recognizing that convictions under Minnesota's second-degree assault and third-degree assault statutes both qualify as violent felonies since the "definition of 'assault'--derived from Minn. Stat. § 609.02, subdiv. 10--is the exact same for each" statute).

Yang also appears to suggest that his attorney should have developed the factual record of his prior convictions to challenge the court's conclusion that his Minnesota assault convictions constitute violent felonies. However, as this court recognized at Yang's

3

sentencing, and as the Seventh Circuit recognized in resolving Yang's appeal, the court is not permitted to look beyond the elements of the *crime of conviction* (and court documents, only as necessary to identify the subsection of the statute of conviction) to determine whether the felony is violent. Statement of Reasons, No. 14-cr-70-wmc, dkt. #25, at 4 (recognizing that "under *Shepard v. United States*, 544 U.S. 13 (2005), which authorizes court to examine 'the facts of conviction and the statutory definition of prior offense' for purposes of 18 U.S.C. § 924(e)."); *Yang*, 799 F.3d at 756. For that reason, there would be no basis for Yang's trial attorney to seek to introduce evidence related to the specific facts of his predicate convictions. Indeed, the court would have denied any request seeking to develop a factual record pertaining to the events leading to those convictions. Accordingly, since Yang's motion to amend would not have impacted the court's disposition of his petition, Yang has not identified a basis for the court to vacate its prior order.

ORDER

IT IS ORDERED that petitioner Ker Yang's motion pursuant to Rule 60(b) (dkt. #16) is DENIED.

Entered this 7th day of December, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge